## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| **UNITED FINANCIAL CASUALTY COMPANY** | : | |
| | : | |
| **Plaintiff,** | : | NO. |
| | : | |
| **v.** | : | |
| | : | |
| **REISS MASONRY CONSTRUCTION LLC** | : | |
|    **AND** | : | |
| **ANC BUILDERS, INC.** | : | |
|    **AND** | : | |
| **ALEXANDRA WIGGINS AND MICHAEL ATHY-PLUNKETT** | : | |
|    **AND** | : | |
| **SARINA OEUB** | : | |
|    **AND** | : | |
| **MATTAN ALALOUF AND AISHAT OLANTUNDE** | : | |
|    **AND** | : | |
| **WALTER ADAMS, JR.** | : | |
|    **AND** | : | |
| **JAMAL RILEY AND CHANEA DAVIS** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |
| | : | |
| | : | |

---

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, United Financial Casualty Company ("UFCC"), by and through its undersigned counsel, hereby seeks a declaratory judgment and asserts the following.

## JURISDICTION AND VENUE

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

3. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to this claim occurred in the Eastern District of Pennsylvania.

## THE PARTIES

4. Plaintiff, United Financial Casualty Company ("UFCC"), is a corporation incorporated under the laws of the State of Ohio with its principal place of business located at 6300 Wilson Mills Road, Mayfield Village, Cuyahoga County, Ohio.

5. Defendant, Reiss Masonry LLC, is a business with its principal place of business located at 3309 Birch Avenue, Allentown, PA 18103.

6. Defendant, ANC Builders, Inc., is a corporation with its principal place of business located at 1300 E. Mermaid Lane, Suite A, Wyndmoor, PA 19038.

7. Alexandra Wiggins and Michael Athy-Plunkett are adult citizens of the Commonwealth of Pennsylvania who, at all relevant times, reside at 6530 Magnolia Street, Philadelphia, Pennsylvania.

8. Sarina Oeub is an adult citizen of the Commonwealth of Pennsylvania who, at all relevant times, residedat 6528 Magnolia Street, Philadelphia, Pennsylvania.

9..     Mattan Alalouf and Aishat Olantunde are adult citizens of the Commonwealth of Pennsylvania who, at all relevant times, resided at 6524 Magnolia Street, Philadelphia, Pennsylvania.

10.     Walter Adams, Jr. is an adult citizen of the Commonwealth of Pennsylvania who, at all relevant times, reside at 6526 Magnolia Street, Philadelphia, Pennsylvania.

11.     Jamal Riley and Chanea Davis are adult citizens of the Commonwealth of Pennsylvania who, at all relevant times, reside at 6532 Magnolia Street, Philadelphia, Pennsylvania.

12.     All parties who have or claim any interest in this matter in controversy or who would be affected by any declaration made by this Court have been made parties to these proceedings.

## NATURE OF THE ACTION

13.     This Declaratory Judgment Complaint seeks a declaration that UFCC does not owe coverage for faulty workmanship claims asserted in a number of lawsuits against UFCC's insured, Reiss Masonry LLC, with respect to work performed at a multi-unit residential construction project located at 6522-6532 Magnolia Street, Philadelphia, Pennsylvania (the "Magnolia Street Project").

14.     Specifically, Alexandra Wiggins and Michael Athy-Plunkett; Sarina Oeub; Mattan Alalouf and Aishat Olantunde; Walter Adams, Jr.; and Jamal Riley and Chanea Davis (collectively "Homeowners") filed respective lawsuits in the Court of Common Pleas of Philadelphia County against the general contractor who they contracted with to build their homes, ANC Builders, Inc. ("Underlying Actions" or "Underlying Complaints").

15.     ANC Builders, Inc. subsequently filed lawsuits against a number of its subcontractors[1] who performed work on the Homeowners' homes as additional defendants, including Reiss Masonry LLC ("Reiss Masonry"), who performed masonry work at the subject project, asserting that the subcontractors are liable for contribution and/or indemnity to ANC Builders for damages resulting from the poor workmanship alleged in the Underlying Complaints by the Homeowners.  A copy of ANC Builders' Complaints are attached hereto as Exhibit "A."

16.     The Underlying Complaints and ANC Builders' Complaints have been consolidated into Case No. 2502011439, which is pending in the Court of Common Pleas of Philadelphia.

17.     The Underlying Complaints and ANC Builders' Complaints involve allegations defective work in the construction of the Homeowners homes.

18.     With respect to Reiss Masonry, ANC Builders asserts in its Complaints counts for negligence and contractual indemnification against Reiss Masonry, asserting that the work performed by Reiss Masonry was pursuant to a "Short Form Standard Subcontract" ("Subcontract") between ANC Builders and Reiss Masonry, signed by Reiss Masonry on or about April 28, 2022. A copy of the Subcontract is attached as Exhibit "B."

19.     United Financial Casualty Company ("UFCC") issued Policy Number PGR973096689, for the policy period of June 13, 2024 to June 13, 2025, to the named insured, Reiss Masonry LLC.[2]

20.     UFCC has been defending Reiss Masonry in the Underlying Actions under a reservation of rights.

---

[1] This Declaratory Judgment Complaint only involves Reiss Masonry LLC.
[2] UFCC is the underwriting company which issued the subject insurance policy under the "Progressive Insurance" brand.

21. As set forth herein, there is no coverage under UFCC's insurance policy for claims of faulty workmanship.

## PARTIES

## UNDERLYING ACTIONS

**Wiggins and Athy-Plunkett**

22. Wiggins and Athy-Plunkett filed a Complaint on December 31, 2024, against a number of defendants, including AN Builders, Inc., alleging that there were systemic latent defects with the design and/or construction of their home's building envelope and that ANC Builders knew or should have known that they were engaging in defective, substandard, and unlawful construction practices in connection with their home. Paragraphs 36-37 of the Underlying Complaint.

23. The Underlying Complaint alleges that the various elements of the exterior envelope were "defectively constructed and improperly installed." Paragraph 62 of the Underlying Complaint.

24. Wiggins and Athy-Plunkett allege that ANC Builder's violation of the Applicable Building Code is the direct and proximate cause of their property damage. Paragraph 39 of Underlying Complaint.

25. The Underlying Complaint includes counts against ANC Builders for breach of the implied warranty of workmanlike construction (Count II); breach of the implied warranty of habitability (Count III); violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. § 201-1 et seq.) (Count IV); negligent misrepresentation (Count V); and negligence (Count VI).

**Sarina Oeub**

26.     Oeub filed a Complaint on December 30, 2024 against a number of defendants, including ANC Builders, Inc., alleging that there were systemic latent defects with the design and/or construction of their home's building envelope and that ANC Builders knew or should have known that they were engaging in defective, substandard, and unlawful construction practices in connection with their home. Paragraphs 35-36 of the Underlying Complaint.

27.     The Underlying Complaint alleges that the various elements of the exterior envelope were "defectively constructed and improperly installed." Paragraph 62 of the Underlying Complaint.

28.     Oeub alleges that ANC Builder's violation of the Applicable Building Code is the direct and proximate cause of their property damage. Paragraph 39 of Underlying Complaint.

29.     The Underlying Complaint includes counts against ANC Builders for breach of the implied warranty of workmanlike construction (Count II); breach of the implied warranty of habitability (Count III); violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. § 201-1 et seq.) (Count IV); negligent misrepresentation (Count V); and negligence (Count VI).

**Mattan Alalus and Aishat Olantunde**

30.     Alalus and Olantunde filed a Complaint on December 30, 2024, against a number of defendants, including AN Builders, Inc., alleging that there were systemic latent defects with the design and/or construction of their home's building envelope and that ANC Builders knew or should have known that they were engaging in defective, substandard, and unlawful construction practices in connection with their home. Paragraphs 31-32 of the Underlying Complaint.

31.     The Underlying Complaint alleges that the various elements of the exterior envelope were "defectively constructed and improperly installed." Paragraph 58 of the Underlying Complaint.

32. Alalus and Olantunde allege that ANC Builder's violation of the Applicable Building Code is the direct and proximate cause of their property damage. Paragraph 35 of Underlying Complaint.

33. The Underlying Complaint includes counts against ANC Builders for breach of the implied warranty of workmanlike construction (Count II); breach of the implied warranty of habitability (Count III); violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. § 201-1 et seq.) (Count IV); negligent misrepresentation (Count V); and negligence (Count VI).

**Walter Adams, Jr.**

34. Adams, Jr. filed a Complaint on December 30, 2024, against a number of defendants, including ANC Builders, Inc., alleging that there were systemic latent defects with the design and/or construction of their home's building envelope and that ANC Builders knew or should have known that they were engaging in defective, substandard, and unlawful construction practices in connection with their home. Paragraphs 36-37 of the Underlying Complaint.

35. The Underlying Complaint alleges that the various elements of the exterior envelope were "defectively constructed and improperly installed." Paragraph 63 of the Underlying Complaint.

36. Adams alleges that ANC Builder's violation of the Applicable Building Code is the direct and proximate cause of their property damage. Paragraph 40 of Underlying Complaint.

37. The Underlying Complaint includes counts against ANC Builders for breach of the implied warranty of workmanlike construction (Count II); breach of the implied warranty of habitability (Count III); violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. § 201-1 et seq.) (Count IV); negligent misrepresentation (Count V); and negligence (Count VI).

**Jamal Riley and Chanea Davis**

38.    Riley and Davis filed a Complaint on December 30, 2024 against a number of defendants, including ANC Builders, Inc., alleging that there were systemic latent defects with the design and/or construction of their home's building envelope and that ANC Builders knew or should have known that they were engaging in defective, substandard, and unlawful construction practices in connection with their home. Paragraphs 31-32 of the Underlying Complaint.

39.    The Underlying Complaint alleges that the various elements of the exterior envelope were "defectively constructed and improperly installed." Paragraph 58 of the Underlying Complaint.

40.    Adams alleges that ANC Builder's violation of the Applicable Building Code is the direct and proximate cause of their property damage. Paragraph 35 of Underlying Complaint.

41.    The Underlying Complaint includes counts against ANC Builders for breach of the implied warranty of workmanlike construction (Count II); breach of the implied warranty of habitability (Count III); violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. § 201-1 et seq.) (Count IV); negligent misrepresentation (Count V); and negligence (Count VI).

**ANC Builders' Complaints**

42.    ANC Builders asserts the following in each of ANC Builders' five (5) Complaints against Reiss Masonry relating to the Underlying Complaints:

*1. Plaintiff, ANC Builders, Inc. served as the General Contractor on a residential construction project to build six (6) individual homes located at 6532 – 6522 Magnolia Street, Philadelphia, PA, 19119 (hereinafter "Magnolia Street Project").*

*2. Upon information and belief, Walter Adams, Jr. is the owner of one of these residential properties located at 6526 Magnolia Street, Philadelphia, PA 19119.*

*3. On or about December 30, 2024, Walter Adams, Jr. ("Homeowner") commenced the construction defect claim by filing a Complaint in the Philadelphia Court of Common Pleas with Docket Number 241203239. A true and correct copy of Walter Adams Jr.'s Complaint is*

*attached hereto as Exhibit "A", (hereinafter "Homeowner Complaint").*

*5. As set forth in the Homeowner Complaint, the allegations, of which have been denied by ANC Builders, Inc., allege, inter alia, that they discovered defects in the exterior cladding, flashing, weatherproofing, and roofing upon taking possession of the home. See Exhibit "A".*

*6. In his Complaint, the Homeowner alleges, among other things, that a failure of the exterior, including cladding, roofing, masonry, siding, flashing, and waterproofing led to leaks and subsequent damage to the drywall and flooring in the home. See Exhibit "A".*

*7. In his Complaint, the Homeowner has alleged Breach of Contract, Breach of Implied Warranty of Workmanlike Construction, Breach of Implied Warranty of Habitability, Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, Negligent Misrepresentation, Negligence, Negligent Misrepresentation, Professional Negligence (Third Party Beneficiary), Negligent Misrepresentation Under Bilt-Rite/Restatement of Torts (Second) §552, Breach of Contract Third Party Beneficiary Theory against the various Defendants including ANC Builders, Inc. See Exhibit "A".*

*10. The Homeowner alleges in his Complaint that The Green Valley Group found significant and serious construction defects and errors with the construction of the Property, including but not limited to inadequately flashed utility penetrations, inadequate flashing around windows, bare sheathing, interior water staining and severe and extensive roofing concerns. See Exhibit "A" at ¶35.*

*11. The Homeowner further alleges that The Green Valley Group revealed that there were systemic latent defects with the design and/or construction of the Home's building envelope that have led to moisture intrusion issues. See Exhibit "A" at ¶36.*

*31. Plaintiff ANC Builders hired Defendant Reiss Masonry to perform certain aspects of the construction of the subject premises. ANC Builders and Reiss Masonry entered into a written Contract dated April 25, 2022. See Reiss Masonry attached hereto as Exhibit "E".*

*32. Upon information and belief, Defendant Reiss Masonry constructed and installed the exterior masonry at issue in Homeowner's Complaint as outlined in the Subcontract for description of work performed. See Exhibit "E".*

*33. The Contract between Plaintiff ANC Builders and Defendant Reiss Masonry provides as follows in relevant part:*

> ***SECTION II: INDEMNIFICATION****. To the fullest extent permitted by law, Subcontractor shall indemnify and hold harmless Owner and Contractor and their agents and employees from claims, demands, causes of actions and liabilities of every kind and nature whatsoever arising out of or in connection with Subcontractors operations performed under this Agreement This indemnification shall extend to claims occurring after this Agreement is terminated as well as while it is in force. The indemnity shall apply regardless*

*of any active and/or passive negligent act or omission of Owner or Contractor, or their agents or employees, but Subcontractor shall not be obligated to indemnify any party for claims arising from the sole negligent or willful misconduct of Owner or Contractor or their agent or employees or caused solely by the designs provided by such parties.*

*See Contract, Exhibit "E" of Complaint.*

34. *At all times material hereto, Defendant Reiss Masonry, acted through its agents, servants, employees, workmen and/or representatives who were acting in the course and scope of their agency or employment and/or in the promotion of Reiss Masonry's business, mission and/or affairs.*

35. *If it is proved at the time of trial that the exterior masonry at the Homeowner's Home was performed in a defective, negligent or improper manner resulting in any of the Homeowner's alleged defects, the same being specifically denied by Plaintiff ANC Builders, then Defendant Reiss Masonry is liable for same in that Defendant Reiss Masonry was the contractor responsible for said work at the Property.*

36. *If Homeowner is successful in proving at the time of trial that the installation and construction of the roofing, siding, balconies, gutters, downspouts, and flashing at the Home at the Magnolia Street Project, as detailed in the Homeowner's Builder Moisture Survey, was done in a defective, negligent or improper manner resulting in any alleged defects, then Defendant Reiss Masonry was negligent and careless in the performance of its work at the Property.*

37. *Plaintiff ANC Builders avers that if Homeowner establishes that the allegations set forth in the Homeowner's Complaint, then said damages attributable to Defendant Reiss Masonry's work were the direct and sole result of Defendant Reiss Masonry's negligence and carelessness, and therefore, Defendant Reiss Masonry is solely liable to the Homeowner, and/or jointly and severally liable or liable over to Plaintiff ANC Builders by way of contribution and/or indemnify for any such damages which may be awarded to the Homeowner.*

### COUNT VI – CONTRACTURAL INDEMNIFICATION
### ANC BUILDERS V. DEFENDANT REISS MASONRY CONSTRUCTION

76. *Plaintiff ANC Builders, Inc. hereby incorporates all preceding paragraphs as through fully set forth at length herein.*

77. *Pursuant to the Contract between the parties, Defendant Reiss Masonry was required to defend and indemnify Plaintiffs ANC Builders, Inc. See Exhibit "E".*

78. *Under the terms of the agreement, Defendant is obligated to indemnify and hold harmless Plaintiff ANC Builders. See Exhibit "C".*

79. *Plaintiffs ANC Builders, Inc. is entitled to costs of defense, indemnification and fees based on the terms of the Agreement as set forth herein.*

\*     \*     \*

See ANC Builders' Complaints.

## COVERAGE

43.      UFCC issued Policy Number PGR973096689 to Named Insured Reiss Masonry Construction LLC for the policy period of June 13, 2024 to June 13, 2025. The policy was cancelled for "underwriting reasons" with a notice of cancellation date of July 17, 2024, and an effective cancellation date of August 21, 2024. *See* subject policy and letter of cancellation collectively attached as Exhibit "C."

44.      The subject UFCC policy includes the following relevant provisions:

**BUSINESSOWNERS COVERAGE FORM**

**SECTION II – LIABILITY**

**A. Coverages**

**1. Business Liability**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. …

**b.** This insurance applies:

**(1)** To "bodily injury" and "property damage" only if:

**(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(b)** The "bodily injury" or "property damage" occurs during the policy period; and

**(c)** Prior to the policy period, no insured listed under Paragraph **C.1.** Who Is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.
…

**B. Exclusions**

**1. Applicable to Business Liability Coverage**
This insurance does not apply to:

**b. Contractual Liability**
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
**(1)** That the insured would have in the absence of the contract or agreement; or
**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

**j. Professional Services**
"Bodily injury", "property damage" or "personal and advertising injury" caused by the rendering or failure to render any professional service. This includes but is not limited to:
**(1)** Legal, accounting or advertising services;
**(2)** Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;
**(3)** Supervisory, inspection or engineering services;
**(4)** Medical, surgical, dental, X-ray or nursing services treatment, advice or instruction;
**(5)** Any health or therapeutic service treatment, advice or instruction;
**(6)** Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;
**(7)** Optometry or optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;
**(8)** Body piercing services; and
**(9)** Services in the practice of pharmacy.
This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering or failure to render of any professional service.

**k. Damage to Property**
"Property damage" to: …
**(5)** That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.
Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

**l. Damage to Your Product**
"Property damage" to "your product" arising out of it or any part of it.

**m. Damage to Your Work**
"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard".
This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**n. Damage to Impaired Property or Property Not Physically Injured**
"Property damage" to "impaired property" or property that has not been physically injured, arising out of:
**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**o. Recall of Products, Work or Impaired Property**
Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
**(1)** "Your product";
**(2)** "Your work"; or
**(3)** "Impaired property";
if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.
…

**F. Liability and Medical Expenses Definitions**

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
**a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
**b.** You have failed to fulfill the terms of a contract or agreement;
if such property can be restored to use by:
**(1)** The repair, replacement, adjustment or removal of "your product" or "your work"; or
**(2)** Your fulfilling the terms of the contract or agreement.

**9.** "Insured contract" means: …

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement. …

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**16.** "Products-completed operations hazard":

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)** Products that are still in your physical possession; or

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)** When all the work called for in your contract has been completed.

**(b)** When all the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at the job site has been put to its intended use by any other person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

The "bodily injury" or "property damage" must occur away from premises you own or rent, unless your business includes the selling, handling or distribution of "your product" for consumption on premises you own or rent. …

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. ..

**21.** "Your product":

**a.** Means:

**(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

**(a)** You;

**(b)** Others trading under your name; or

**(c)** A person or organization whose business or assets you have acquired; and

**(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability,

performance or use of "your product"; and
**(2)** The providing of or failure to provide warnings or instructions.
**c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work":
**a.** Means:
**(1)** Work or operations performed by you or on your behalf; and
**(2)** Materials, parts or equipment furnished in connection with such work or operations.
**b.** Includes:
**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
**(2)** The providing of or failure to provide warnings or instructions.

\*      \*      \*

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – WITH ADDITIONAL INSURED REQUIREMENT IN CONSTRUCTION CONTRACT**

This endorsement modifies insurance provided under the following:
BUSINESSOWNERS COVERAGE FORM

**Section II – Liability** is amended as follows:
**A.** The following is added to Paragraph **C. Who Is An Insured:**

**3.** Any person(s) or organization(s) for whom you are performing operations is also an additional insured, if you and such person(s) or organization(s) have agreed in writing in a contract or agreement that such person(s) or organization(s) be included as an additional insured on your policy. Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
**a.** Your acts or omissions; or
**b.** The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured.
However, the insurance afforded to such additional insured:
**a.** Only applies to the extent permitted by law; and
**b.** Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.
A person's or organization's status as an additional insured under this endorsement ends on the earlier of the date:
**a.** When your operations for that insured are completed; or
**b.** The contract or agreement you have entered into with the additional insured is terminated.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusion applies:
This insurance does not apply to "bodily injury" or "property damage" occurring after:

**1.** All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or
**2.** That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

\*        \*        \*

**AMENDMENT OF INSURED CONTRACT DEFINITION**
This endorsement modifies insurance provided under the following:
BUSINESSOWNERS COVERAGE FORM

Paragraph **9.** under **F. Liability And Medical Expenses Definitions** is replaced by the following:

**9.** "Insured contract" means: …

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. However, such part of a contract or agreement shall only be considered an "insured contract" to the extent your assumption of the tort liability is permitted by law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
…

\*        \*        \*

**BUSINESS SELECT® FOR CONTRACTORS ENDORSEMENT**
This endorsement modifies insurance provided under the following:
BUSINESSOWNERS POLICY

**I. ADDITIONAL INSURED WHERE REQUIRED BY CONTRACT**

**A. SECTION II – LIABILITY, C. Who Is an Insured** is amended to include any person or organization you are required to include as an additional insured on this policy by a written contract or written agreement in effect during this policy period and executed prior to the "occurrence" of the "bodily injury" or "property damage."

**B.** The insurance provided to the above described additional insured under this endorsement is limited as follows:

1. **SECTION II – LIABILITY**, **A. Coverages**, **Business Liability** only.

2. The person or organization is only an additional insured with respect to liability caused by "your work" or "your product".

3. If the limits of insurance provided by this policy exceed the limits of insurance required by the written contract or written agreement, the insurance provided by this endorsement shall be limited to the limits of insurance required by the written contract or written agreement subject to the policy aggregate. This endorsement shall not increase the limits of insurance shown in the Declarations pertaining to the coverage provided herein.

4. The insurance provided to such an additional insured does not apply to "bodily injury" or "property damage" caused by an architect's, engineer's, or surveyor's rendering of or failure to render any professional services, including, but not limited to:
**a.** The preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and
**b.** Supervisory, inspection, architectural, or engineering activities.

5. This insurance does not apply to "bodily injury" or "property damage" caused by "your work" or "your product" included in the "product-completed operations hazard" unless you are required to provide such coverage by written contract or written agreement and then only for the time period required by the written contract or written agreement and in no event beyond the expiration date of the policy.

6. This insurance is primary to, and will not seek contribution from, any other insurance available to an additional insured under your policy provided that:
**a.** The additional insured is a named insured under such other insurance; and
**b.** You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.
…

\*        \*        \*

**FUNGI OR BACTERIA EXCLUSION (LIABILITY)**
This endorsement modifies insurance provided under the following:
BUSINESSOWNERS COVERAGE FORM

The following provisions are added to **Section II – Liability:**

**A.** The following exclusion is added to Paragraph

**B.1., Exclusions – Applicable To Business Liability Coverage:**

**t. Fungi Or Bacteria**
**(1)** "Bodily injury", "property damage" or "personal and advertising injury" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

**(2)** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any

way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

**B.** The following definition is added Paragraph **F.**

**Liability And Medical Expenses Definitions:**
**1.** "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or by-products produced or released by fungi.

*     *     *

45.    The terms and conditions of the UFCC policy are clear and unambiguous.

<u>**COUNT I – DECLARATORY JUDGMENT**</u>

46.    UFCC incorporates by reference the preceding paragraphs as though they were set forth herein at length.

47.    The claims asserted in the Underlying Action are not covered under the subject UFCC insurance policy.

48.    Faulty workmanship claims are not "occurrences" under Pennsylvania law and claims related to faulty workmanship are not covered under the subject UFCC insurance policy.

49.    As addressed above in the Underlying Complaints, the Homeowners allege that there were systemic latent defects with the design and/or construction of their home's building envelope and that ANC Builders knew or should have known that they were engaging in defective, substandard, and unlawful construction practices in connection with their home. .

50.    The Underlying Complaints also allege that the various elements of the exterior envelope were "defectively constructed and improperly installed" and that ANC Builder's violation of the Applicable Building Code is the direct and proximate cause of their property damage.

51.     There is no question that the underlying claims involve construction defects. ANC Builders asserts in its Complaints against Reiss Masonry:

*3. On or about December 30, 2024, Walter Adams, Jr. ("Homeowner") commenced **the construction defect** claim by filing a Complaint in the Philadelphia Court of Common Pleas with Docket Number 241203239. A true and correct copy of Walter Adams Jr.'s Complaint is attached hereto as Exhibit "A", (hereinafter "Homeowner Complaint").*

*5. As set forth in the Homeowner Complaint, the allegations, of which have been denied by ANC Builders, Inc., allege, inter alia, that they discovered **defects** in the exterior cladding, flashing, weatherproofing, and roofing upon taking possession of the home. See Exhibit "A".*

*6. In his Complaint, the Homeowner alleges, among other things, that **a failure of the exterior, including** cladding, roofing, **masonry**, siding, flashing, and waterproofing **led to leaks and subsequent damage** to the drywall and flooring in the home. See Exhibit "A".*

(Emphasis added).  *See ANC Builders' Complaint regarding the Adams' home.*

ANC Builders' Complaints regarding all of the properties likewise assert that the respective Homeowner commenced "the construction defect claim …" *See* ANC Builders' Complaints.

52.     Claims based on negligent construction and faulty workmanship are not "Occurrences" under the subject policy.

53.     The Homeowners claims regarding counts against ANC Builders for breach of the implied warranty of workmanlike construction (Count II); breach of the implied warranty of habitability (Count III); violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 P.S. § 201-1 et seq.) (Count IV); negligent misrepresentation (Count V); and negligence (Count VI) are not covered under the UFCC policy.

54.     Similarly, ANC Builders claims against Reiss Masonry regarding counts for negligence and contractual indemnification for damages related to work performed by Reiss Masonry are not covered under the subject policy.

55.    Further, the damages alleged by the Homeowners fall outside of the UFCC policy period (either prior to or subsequent to the subject effective policy period) and are not covered under the UFCC policy.

56.    Damages related to the costs of repairing and/or replacing work that Reiss Masonry allegedly performed improperly, and resultant water damage that includes mold remediation, and various consequential damages, are not covered under the subject policy exclusions.

57.    The subject policy includes exclusionary language that precludes coverage for property damage to that particular part of real property on which "you" performed operations, if the "property damage" arises out of those operations; for property damage to that particular part of any property that must be restored, repaired or replaced because "your" work was incorrectly performed on it; bodily injury or property damage caused by the exposure to, or existence of fungi or bacteria, any expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, or disposing of, or in any way responding to or assessing the effects of that fungi or bacteria.

58.    Accordingly, UFCC does not owe a defense or indemnification to Reiss Masonry for any claims with respect to ANC Builders' Complaints or the Underlying Complaints.

59.    UFCC does not a defense and/or indemnification to ANC Builders for any claims with respect to ANC Builders' Complaints or the Underlying Complaints.

WHEREFORE, defendant, United Financial Casualty Company ("UFCC"), respectfully requests that this Honorable Court enter judgment in its favor and against Reiss Masonry and ANC Builders, and enter an Order:

a)    Declaring that UFCC has no duty to defend and/or indemnify Reiss Masonry for any claims with respect to ANC Builders' Complaints or the Underlying Complaints;

b)      Declaring that UFCC has no duty to defend and/or indemnify ANC Builders for any claims with respect to ANC Builders' Complaints or the Underlying Complaints;

c)      Declaring that UFCC has no duty to defend and/or indemnify any entity in the ANC Builders' Complaints or the Underlying Complaints;

d)      Declaring that there is no coverage under the subject UFCC policy for the claims asserted in the ANC Builders' Complaints or the Underlying Complaints;

e)      Declaring that UFCC has fully complied with the terms and conditions of the subject policy with respect to the ANC Builders' Complaints or the Underlying Complaints;

f)      Granting such other relief as this Court deems appropriate.

Respectfully submitted,

**CIPRIANI & WERNER, P.C.**

BY:    /s/ *John M. Campbell, Esquire*
JOHN M. CAMPBELL, Esquire
Attorney I.D. 53349
jcampbell@c-wlaw.com
DARREN L. HARRISON, Esquire
Attorney I.D. 76115
dharrison@c-wlaw.com
450 Sentry Parkway, Suite 200
Blue Bell, PA 19422
(610) 567-0700 telephone
(610) 567-0712 facsimile
*Attorneys for Plaintiff,*
*United Financial Casualty Company*

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

United Financial Casualty Company

**(b)** County of Residence of First Listed Plaintiff   Cuyahoga County, OH
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John M. Campbell and Darren L. Harrison
Cipriani & Werner PC
512 E. Township Line Road, Ste. 305

**DEFENDANTS**

REISS MASONRY LLC

County of Residence of First Listed Defendant   Lehigh County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Unknown

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| [ ] 1 | U.S. Government Plaintiff | [ ] 3 Federal Question *(U.S. Government Not a Party)* |
| [ ] 2 | U.S. Government Defendant | [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*       Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | of Property 21 USC 881 | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | [ ] 690 Other | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | **PERSONAL INJURY** | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | [ ] 365 Personal Injury - | **INTELLECTUAL** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Product Liability | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | [ ] 367 Health Care/ | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | Pharmaceutical | [ ] 830 Patent | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Personal Injury | [ ] 835 Patent - Abbreviated | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Product Liability | New Drug Application | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 368 Asbestos Personal | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | Injury Product | [ ] 880 Defend Trade Secrets | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Liability | Act of 2016 | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | **PERSONAL PROPERTY** | | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | [ ] 370 Other Fraud | **LABOR** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | [ ] 380 Other Personal | Act | Exchange |
| | Medical Malpractice | Property Damage | [ ] 720 Labor/Management | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | [ ] 385 Property Damage | Relations | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | Product Liability | [ ] 740 Railway Labor Act | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | **PRISONER PETITIONS** | [ ] 751 Family and Medical | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | **Habeas Corpus:** | Leave Act | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | [ ] 463 Alien Detainee | [ ] 790 Other Labor Litigation | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 510 Motions to Vacate | [ ] 791 Employee Retirement | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | Sentence | Income Security Act | Act/Review or Appeal of |
| | Employment | [ ] 530 General | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 950 Constitutionality of |
| | Other | **Other:** | [ ] 462 Naturalization Application | State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | |
| | | [ ] 550 Civil Rights | Actions | |
| | | [ ] 555 Prison Condition | | |
| | | [ ] 560 Civil Detainee - | | |
| | | Conditions of | | |
| | | Confinement | | |

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 Black Lung (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID Title XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 Taxes (U.S. Plaintiff or Defendant)
[ ] 871 IRS—Third Party 26 USC 7609

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| [X] 1 Original Proceeding | [ ] 2 Removed from State Court | [ ] 3 Remanded from Appellate Court | [ ] 4 Reinstated or Reopened | [ ] 5 Transferred from Another District *(specify)* | [ ] 6 Multidistrict Litigation - Transfer |     [ ] 8 Multidistrict Litigation - Direct File |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity
Brief description of cause:
Insurance Coverage

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
Jun 18, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _policy issued to insured at 3305 Birch Ave, Allentown, PA 18103; the underlying construction was performed in Philadelphia, PA_

---

***RELATED CASE IF ANY:***   Case Number:_____   Judge:_____

1.   Does this case involve property included in an earlier numbered suit?   Yes ☐

2.   Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3.   Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.   Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5.   Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
     If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.   Federal Question Cases:*

☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.   FELA
☐ 3.   Jones Act-Personal Injury
☐ 4.   Antitrust
☐ 5.   Wage and Hour Class Action/Collective Action
☐ 6.   Patent
☐ 7.   Copyright/Trademark
☐ 8.   Employment
☐ 9.   Labor-Management Relations
☐ 10.  Civil Rights
☐ 11.  Habeas Corpus
☐ 12.  Securities Cases
☐ 13.  Social Security Review Cases
☐ 14.  Qui Tam Cases
☐ 15.  Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16.  All Other Federal Question Cases. *(Please specify)*:_____

*B.   Diversity Jurisdiction Cases:*

☒ 1.   Insurance Contract and Other Contracts
☐ 2.   Airplane Personal Injury
☐ 3.   Assault, Defamation
☐ 4.   Marine Personal Injury
☐ 5.   Motor Vehicle Personal Injury
☐ 6.   Other Personal Injury *(Please specify)*:_____
☐ 7.   Products Liability
☐ 8.   All Other Diversity Cases:  *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.